MEMORANDUM ***
Appellant Robbie James Riva was convicted by a California Superior Court jury of attempted voluntary manslaughter, assault with a firearm, and shooting at an occupied motor vehicle. He appealed, the California Court of Appeal affirmed and the California Supreme Court denied review. Riva petitioned for a writ of habeas corpus in the United States District Court for the Central District of California. The district judge denied the petition and Riva timely appealed.
This court issued a certificate of appeal-ability limited to the two following issues: (1) whether the trial court erroneously admitted incriminating statements obtained as a result of the re-initiation of questioning after Riva expressed a desire to remain silent, in violation of Michigan v. Mosley, 423 U.S. 96, 104, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975); and (2) whether the admission of a statement made by an unidentified witness violated the Confrontation Clause under Crawford v. Washington, 541 U.S. 36, 52-53, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We review the district court’s denial of habeas corpus de novo. Williams v. Runnels, 432 F.3d 1102, 1105 (9th Cir.2006).
Riva argues that his second statement was obtained and used in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because (1) he did not explicitly waive his rights; (2) the interrogation was a rigged game in which the officer had an overwhelming advantage and intentionally violated Riva’s Miranda rights; (3) Riva invoked the right to remain silent, his use of the words “right now” was irrelevant, and Nydell was not allowed to reinitiate questioning after that point; and (4) even if Nydell was allowed to question Riva again, it was up to Riva to initiate the conversation, and new Miranda warnings were required.
Riva’s first and second contentions are not persuasive. First, “an express waiver is not required for a valid Miranda waiver.” Minnick v. Mississippi, 498 U.S. 146, 160, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990) *669 (citing North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979)). His second argument fails because it is based solely on the fact that Nydell was an experienced police officer and Riva was an 18-year-old college student.
Riva’s third and fourth arguments must be analyzed under Michigan v. Mosley, 423 U.S. 96, 104, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), where the Court said, “the admissibility of statements obtained after the person in custody has decided to remain silent depends under Miranda on whether his ‘right to cut off questioning’ was ‘scrupulously honored.’ ” In United States v. Hsu, 852 F.2d 407, 409-10 (9th Cir.1988), we recognized that Mosley laid down a totality of the circumstances approach to determining whether a defendant’s right to remain silent, once invoked, was scrupulously honored:
Mosley envisioned an inquiry into all of the relevant facts to determine whether the suspect’s rights have been respected. Among the factors to which the Court looked in that case were the amount of time that elapsed between interrogations, the provision of fresh warnings, the scope of the second interrogation, and the zealousness of officers in pursuing questioning after the suspect has asserted the right to silence. At no time, however, did the Court suggest that these factors were exhaustive, nor did it imply that a finding as to one of the enumerated factors ... would forestall the more general inquiry into whether, in view of all relevant circumstances, the police “scrupulously honored” the right to cut off questioning.[1]
The California appellate court’s determination that Riva’s right to silence was scrupulously honored was reasonable. Riva said he did not want to answer any more questions “right now,” which indicated that he might be willing to answer more questions in the future. It appears that he was exercising his right to control the circumstances under which he would answer questions (namely, the time at which he would do so), as Mosley specifically held he had the right to do. 423 U.S. at 103-05, 96 S.Ct. 321. Moreover, as the California appellate court noted, the one hour between interrogations was not so short as to constitute badgering or harassment and not so long as to require re-advisement of Riva’s Miranda rights. And while on the one hand, Nydell did not re-Mirandize Riva, the second interrogation was conducted at a jail, by the same officer and on the same subject as the first; on the other hand, Nydell honored Riva’s request that they go somewhere more private than the booking area, Riva was a college student with some experience with the law and there was no evidence that Nydell attempted to intimidate or coerce Riva.[2]
Riva also objected at trial to the admission of the statement by the driver of the SUV: “He was trying to shoot us, but we ducked.” The trial court admitted it under California Evidence Code Section *670 1240 (a hearsay exception for spontaneous statements). Riva now argues that the statement was admitted in violation of his Sixth Amendment right to confrontation because it was “testimonial” under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and Davis v. Washington, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).[3] Alternatively, he argues that admission of the statement violated his rights because it did not satisfy the test set forth in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).
In Roberts, the Court held as follows regarding the permissible use of hearsay in criminal trials:
In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate “indicia of reliability.” Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.
448 U.S. at 66. In Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court abrogated Roberts in part by holding as follows:
Where testimonial evidence is at issue ... the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination. We leave for another day any effort to spell out a comprehensive definition of “testimonial.” Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed.
The district court in this case correctly found that the statement of the driver of the SUV was not “testimonial” under Crawford. The statement does not fit with any of the examples listed in Crawford or with the purpose behind them. Instead, it is similar to the excited utterances made by the victim of the crime of the defendant in Leavitt v. Arave, 383 F.3d 809, 830 n. 22 (9th Cir.2004), which this court held to be nontestimonial. The driver of the SUV was not being interrogated or making a statement that anyone was intending to preserve for trial.
Because the statement was nontestimo-nial, the Roberts test determines its admissibility. Roberts said, “Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception.” 448 U.S. at 66, 100 S.Ct. 2531. The exception for spontaneous declarations is “firmly rooted.” White v. Illinois, 502 U.S. 346, 356 n. 8, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992). The declarant here excitedly stated that he thought he had been shot at within minutes of a shooting. Therefore, the California courts reasonably admitted the statement as a spontaneous declaration.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. The court in Hsu suggested that the factor that it had been most concerned with in recent opinions was the provision of a fresh set of warnings, Id. at 410-11, but did not hold that new warnings were dispositive, and other courts have specifically held that they are not. See, e.g., Stumes v. Solem, 752 F.2d 317, 319-21 (8th Cir.1985).

. Riva also argues that his second statement was erroneously admitted under Edwards v. Arizona, 451 U.S. 477, 485, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (”[I]t is inconsistent with Miranda and its progeny for the authorities, at their instance, to reinterrogate an accused in custody if he has clearly asserted his right to counsel.”). Edwards does not apply here because Riva never invoked the right to counsel.

. Crawford was issued on March 8, 2004 and applies to Riva’s case under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), because it was issued before Riva’s case became final on direct review. Butler v. Curry, 528 F.3d 624, 633 (9th Cir.2008). Davis, however, was not issued until 2006. Riva suggests no valid reason why it should apply to his case.